IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA POTTER MILLS and | § | |
| JASON G. MILLS | § | PLAINTIFFS |
| | § | |
| v. | § | Civil No. 1:08CV634-HSO-JMR |
| | § | |
| HARTFORD FIRE INSURANCE | § | |
| COMPANY, *et al.* | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT HARTFORD INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING THE PARTIES TO BRIEF DEFENDANT THOMAS N. SEUZENEAU'S CITIZENSHIP

BEFORE THE COURT is the Motion of Defendant Hartford Fire Insurance Company ["Hartford"], for Summary Judgment [27], pursuant to FED. R. CIV. P. 56. Plaintiffs Laura Potter Mills and Jason G. Mills ["Plaintiffs"] have filed a Response [30], and Hartford a Reply [33]. After consideration of the parties' submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Hartford's Motion should be denied.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiffs owned real property and improvements on East James Circle in Pass Christian, Mississippi [the "Property"]. *See* Compl., at ¶ 7. Beginning in or about 2001, Defendant Thomas N. Seuzeneau ["Seuzeneau"] provided insurance agent services to Plaintiffs for their Property. *See id.* at ¶ 8. Countrywide Home Loans, Inc. ["Countrywide"], formerly a Defendant in this case, held a note secured by a first deed of trust on the Property. *See id.* at ¶ 10. In order to obtain financing, Plaintiffs were required to purchase flood insurance under the National

Flood Insurance Program ["NFIP"].  *See id.*

Plaintiffs purchased their Standard Flood Insurance Policy ["SFIP"] through Seuzeneau.  Hartford issued the policy.  *See id*. at ¶¶ 8-10.  Hartford is a Write-Your-Own ["WYO"] insurance carrier participating in the NFIP, pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001, *et seq*.  *See* Hartford's Mem. in Supp. of its Mot. for Summ. J., at p. 1.  According to Plaintiffs, Countrywide paid their SFIP premiums out of an escrow account.  *See* Compl. at ¶ 11.

In March 2004, Hartford requested information from Seuzeneau as to whether Plaintiffs' insured, elevated building contained an enclosure below the elevated floor.  *See* Questionnaire, attached as Ex. "5" to Hartford's Mot. for Summ. J. (dated March 24, 2004, and marked as "2nd Request").  The Questionnaire asked, "[p]lease provide us with the following information to ensure the policy is correctly rated...."  *Id.*  On June 7, 2005, Hartford sent a letter to Seuzeneau, with copies to Plaintiffs and to Countrywide, informing them that, because the documentation received indicated that the insured, elevated building did contain a lower enclosure, Plaintiffs' SFIP had been reformed, such that the building and contents coverage limits had been reduced to match the lower premium Plaintiffs had paid.  *See* Letter dated June 7, 2005, attached as Ex. "7" to Hartford's Mot. for Summ. J.  The letter further explained that, if Plaintiffs tendered an additional premium of $1,004.00 within 30 days of the date of the letter, Hartford would revise the SFIP to reflect the originally requested, higher amounts of coverage for the building, including the

lower enclosure. *See id.* It is undisputed that Plaintiffs received this letter, and that they did not pay the additional premium. Mrs. Mills testified that Plaintiffs received the letter, dated June 7, 2005, in mid-July 2005, but they did not open it until after Hurricane Katrina. *See* Dep. of Laura Potter Mills [30-3], at pp. 14-19, attached as Ex. "B" to Pls.' Resp. to Hartford's Mot. for Summ. J.

Plaintiffs allege that from the inception of their SFIP through June 2005, their Property was insured in the amount of $56,100.00 for the building, and $25,000.00 for contents. *See* Compl., at ¶ 12. Or on about August 29, 2005, Plaintiffs' Property "suffered extensive damage or was otherwise totally destroyed from the storm surge and flood associated with Hurricane Katrina." *Id.* at ¶ 14. After making a claim for insurance benefits under their SFIP, Plaintiffs assert that they first learned that, because Countrywide had failed to pay an increased premium due in or about June 2005, their flood coverage had decreased from $56,100.00 to $24,700.00 for the building, and from $25,000.00 to $10,200.00 for contents. *See id.* at ¶ 15.

Plaintiffs filed suit in the Circuit Court of Harrison County, Mississippi, First Judicial District, on or about August 20, 2008. They asserted claims for negligent misrepresentation, negligence, and breach of fiduciary duty against Seuzeneau, and "imputed liability" against Hartford for the actions of its purported "agent," Seuzeneau. *See id.* at ¶¶ 19-37. Plaintiffs sought punitive damages and attorneys' fees from both Seuzeneau and Hartford. *See id.* at ¶¶ 38-39, 45-46.

Hartford removed the case to this Court on or about September 22, 2008,

invoking both federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based on its status as a WYO carrier, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at pp. 7-11. Hartford now moves for summary judgment.

## II. DISCUSSION

A. Hartford's Motion for Summary Judgment

1. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the

essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp. 2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

    2.    <u>Analysis</u>

A review of the Complaint reveals no cognizable claim of direct liability against Hartford. Rather, Plaintiffs attempt to impute Seuzeneau's alleged negligent misrepresentations, negligence, and breach of fiduciary duty to Hartford. *See* Compl., at ¶¶ 36-39. As such, Plaintiffs' claims against Hartford stem entirely from the purported negligence of Seuzeneau. *See id.* They are not breach of contract claims, rather they all sound in tort. *See id.* Plaintiffs assert that Seuzeneau negligently represented that their property was adequately and properly insured against flood damage, disregarded the notice of increased premiums, failed to notify them of the amount of increased premiums and consequences of failure to

pay the same, and negligently allowed their flood insurance coverage to be reduced to an inadequate amount of coverage. *See id.* at ¶¶ 20-28. They further contend that Seuzeneau breached his purported fiduciary duty to them by failing to exercise that degree of reasonable care expected of an insurance agent. *See id.* at ¶¶ 29-35.

The record indicates that each of these alleged acts or omissions occurred prior to the filing of any flood claim with Hartford under Plaintiffs' SFIP, and that any of Seuzeneau's alleged misrepresentations about adequate coverage had to have occurred prior to Plaintiffs' receipt of Hartford's June 7, 2005, notice of increased premium and reduced coverage. *See* Dep. of Laura Potter Mills [30-3], at pp. 25-27, 32-33, attached as Ex. "B" to Pls.' Resp. to Hartford's Mot. for Summ. J. (stating that she tried calling Seuzeneau after the storm, but has not been able to find him, and testifying that, other than a conversation with Seuzeneau regarding changing from a former carrier to Hartford, she had no other conversations or meetings with him); Dep. of Jason G. Mills [30-7], at pp. 27, 53-54, attached as Ex. "F" to Pls.' Resp. to Hartford's Mot. for Summ. J. (testifying that between 2001, when they purchased the SFIP, and August 29, 2005, he did not hear from or speak with Seuzeneau again, and that he did not have any discussions with Seuzeneau regarding the required, increased premiums).[1]

Hartford maintains that Plaintiffs' claims against it are preempted by federal

---

[1] Mr. Mills later testified that he did speak to Seuzeneau regarding a flood in 2002, and that Seuzeneau gave him a telephone number to file a claim. *See* Dep. of Jason G. Mills [30-7], at pp. 80-81, attached as Ex. "F" to Pls.' Resp. to Hartford's Mot. for Summ. J. He testified that this was "probably the last time [he] talked to [Seuzeneau], that [he] can remember talking to him at all." *Id.* at p. 81.

law.  *See* Hartford's Mot. for Summ. J., at pp. 2-3.  It argues that Plaintiffs' agent, Seuzeneau, acted for them as the insureds, and not for Hartford.  *See* Hartford's Mem. in Supp. of its Mot. for Summ. J., at p. 7 (*quoting* 44 C.F.R. § 61.5(e)).  Hartford contends that, as a WYO carrier, it cannot be held liable for Plaintiffs' claims against their own agent.  Hartford relies on 44 C.F.R. §61.5(e), which provides that

> [t]he standard flood insurance policy is authorized only under terms and conditions established by Federal statute, the program's regulations, the Administrator's interpretations and the express terms of the policy itself.  Accordingly, representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void, and *the duly licensed property or casualty agent acts for the insured and does not act as agent for the Federal Government, the Federal Emergency Management Agency, or the servicing agent.*

44 C.F.R. §61.5(e) (emphasis added).

It is clear that claims for breach of contract under a SFIP are questions of federal law.  *See Borden v. Allstate Insurance Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (explaining that "an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law") (citations omitted).  Claims arising from the handling of any claim under the SFIP are likewise preempted.  *See* 44 C.F.R. Pt. 61, App. A; *Wright v. Allstate Insurance Co.*, 415 F.3d 384, 390 (5th Cir. 2005).

Federal law does not preempt state law negligence claims, such as procurement claims.  *See, e.g., Campo v. Allstate Ins. Co.*, 562 F.3d 751, 758 (5th Cir. 2009).  Plaintiffs' claims against Seuzeneau, for which they seek to hold

-7-

Hartford vicariously liable, are tort claims, as they are bound in negligence. *See* Compl., at ¶¶ 20-25. A reading of the Complaint demonstrates that Plaintiffs' allegations do not relate to the handling or adjustment of their SFIP claim itself, as they make no complaint about the manner in which Hartford handled and adjusted the claim once it was filed. Instead, Plaintiffs' allegations have more to do with the purported negligence of Seuzeneau. This type of tort claim, which predated the flood claim itself, is not clearly preempted by federal law under the NFIP.

Hartford cites Judge Senter's Order in *Jones v. Fidelity National Ins. Co.,* Civil Action No. 1:06cv734-LTS-RHW, Document No. 27 (S.D. Miss. May 21, 2007), to support the proposition that the present matter is a policy administration or claims handling case. However, *Jones* is factually distinguishable in important respects. The plaintiff in *Jones* alleged that both the insurer and the agent "negligently, gross negligently, and with reckless disregard failed to notify the Plaintiff of the expiration of her flood insurance policy as required by law." *Jones v. Fidelity National Ins. Co.,* Civil Action No. 1:06cv734-WHB-RHW, Document No. 122, at p. 2008 WL 4000818, *3 (S.D. Miss. Aug. 22, 2008). The plaintiff in that case raised claims related to, among other things, whether the insurer properly or adequately notified the plaintiff of the expiration of her flood insurance policy, arguably a breach of the policy contract. *See id.* Here, there are no such direct claims against Hartford pertaining to its administration of the SFIP. *Jones* is more akin to the breach of contract claim related to failure to follow the renewal notice provisions of the SFIP, as recognized by the Fifth Circuit in *Borden*. *See* 589 F.3d

at 172. The *Borden* Court categorized such claims as preempted ones for breach of contract. *See id.* *Jones* is therefore inapposite.

The question then becomes whether Hartford can be held vicariously liable for Plaintiffs' state law claims based upon the acts or omissions of Seuzeneau. The parties have not addressed this issue in detail in their briefing. Hartford's Motion for Summary Judgment instead focuses on federal preemption of Plaintiffs' claims. As Hartford has not carried its burden of demonstrating that it is entitled to judgment as a matter of law on this point, summary judgment must be denied, and the Court does not reach the viability of Plaintiffs' vicarious liability theories under state law. Given the Court's determination that Plaintiffs' claims are not preempted by federal law, remaining questions not addressed by the parties include, but are not limited to, the applicability, if any, of Hartford's asserted defense that Seuzeneau was not its agent, pursuant to 44 C.F.R. § 61.5(e), when the underlying claims sound in state law negligence. Even had these matters been fully briefed, the Court would first be required to address whether it has subject matter jurisdiction over this case before proceeding further.

B.  The Court's Subject Matter Jurisdiction

Hartford removed the case to this Court on September 22, 2008, invoking both federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal, at pp. 7-11. The Court has determined that Plaintiffs' claims arise under state tort law, and are not preempted by federal law, such that federal question jurisdiction is not present, nor

was it at the time of removal. Therefore, the Court must consider whether it had diversity jurisdiction over this matter at the time of removal.

1. <u>Applicable Law</u>

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...." 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164).

The party asserting federal jurisdiction has the burden of proving its existence by a preponderance of the evidence. *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Hartford therefore bears the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

2. <u>Discussion</u>

The Court is satisfied that the amount in controversy in this case exceeds the jurisdictional threshold. *See* Compl., at p. 13 (requesting, among other damages, $46,200.00 in actual damages and $46,000.00 in punitive damages). However, there is not complete diversity of citizenship from the face of the Complaint, which indicates that Plaintiffs and Seuzeneau are citizens of Mississippi. *See id.* at pp. 2-3. In its Notice of Removal, Hartford states that "[o]n information and belief, Thomas N. Seuzeneau no longer resides in the state of Mississippi and therefore his citizenship does not defeat diversity," Notice of Removal, at ¶ 34, and that "[u]pon information and belief, Thomas N. Seuzeneau is now a citizen or subject of the country of Mexico and was at the time of the filing of Plaintiffs' Complaint...," *id.* It is questionable whether this statement alone is sufficient to sustain Hartford's burden of establishing Seuzeneau's diverse citizenship by a preponderance of the evidence. Accordingly, on or before May 5, 2010, the parties are to file briefs addressing the question of Seuzeneau's citizenship, so that the Court can resolve whether it has subject matter jurisdiction before proceeding further.

### III. <u>CONCLUSION</u>

For the reasons more fully stated herein, Hartford's Motion for Summary Judgment must be denied. *See* FED. R. CIV. P. 56. Because the Court questions its subject matter jurisdiction over this case, the parties are directed to file briefs addressing the citizenship of Seuzeneau, as outlined below.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

more fully stated herein, Defendant Hartford Insurance Company's Motion for Summary Judgment [27], should be, and hereby is, **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the parties are directed to file briefs on or before May 5, 2010, addressing the citizenship of Defendant Thomas N. Seuzeneau for diversity purposes.

**SO ORDERED AND ADJUDGED**, this the 22nd day of April, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE